# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| HOLLY FELMLEE,<br>　　　　　Appellant, | DOCKET NUMBER<br>DC-1221-22-0276-W-1 |
| 　　　v. | |
| DEPARTMENT OF DEFENSE,<br>　　　　　Agency. | DATE: April 4, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Holly Felmlee, APO, APO/FPO Europe, pro se.

Jason Myers, APO, APO/FPO Europe, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her Individual Right of Action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. However, we VACATE the initial decision, but still DISMISS the appeal for lack of jurisdiction, although for different reasons than those relied upon by the administrative judge.

## DISCUSSION OF ARGUMENTS ON REVIEW

The agency terminated the appellant during her probationary period on December 10, 2021, citing several performance-related incidents as the basis for its action. Initial Appeal File (IAF), Tab 10 at 25-26, 55. The appellant then filed a whistleblower reprisal complaint with the Office of Special Counsel (OSC), in which she alleged that the agency retaliated against her by, among other acts, terminating her for requesting a religious accommodation seeking exemption from COVID-19 vaccination and testing requirements, for "refusing to be discriminated against" based on her religion, and for filing an Equal Employment Opportunity (EEO) complaint and a report to Congress regarding her religious discrimination allegations.[2] IAF, Tab 1 at 7-8. OSC subsequently

---

[2] Although the appellant also alleged in her OSC complaint that the agency improperly accessed her medical records by emailing her asking for COVID-19 vaccine documentation, there is no indication that the appellant alleged that these actions were in retaliation for her protected disclosures or activity, or that this claim in her OSC complaint itself constituted a protected disclosure or activity which led to retaliation by the agency, IAF, Tab 1 at 8, 10-11, and this claim is thus outside the scope of this IRA appeal.

issued the appellant a close-out letter, *id.* at 7, and she filed an IRA appeal with the Board,[3] *id.* at 1-12.

In response to the administrative judge's notice to the appellant of her burden to establish jurisdiction over her appeal, including of her requirement to show that she exhausted her administrative remedies before OSC, IAF, Tabs 5, 8, the appellant alleged that the agency terminated her because of two memoranda she sent to her leadership and EEO complaints she had filed.  IAF, Tab 9 at 6-7.  In one of the memoranda, dated December 8, 2021, the appellant stated, among other things, that the agency's COVID-19 testing was being performed in unsterile conditions by untrained persons and that the testing swabs were sterilized with a certain toxic chemical.  *Id.* at 11.  In a second undated memorandum, she listed other chemicals contained in the COVID-19 tests and their potential health risks and stated that only employees with pending religious exemptions were being targeted for mandatory tests.  *Id.* at 12-13.  In both memoranda the appellant invoked standards from the Occupational Health and Safety Administration (OSHA).  *Id.* at 11-13.

In the initial decision, the administrative judge dismissed the appeal without holding the appellant's requested hearing, finding that the appellant failed to raise sufficient nonfrivolous allegations establishing Board jurisdiction.  IAF, Tab 11, Initial Decision (ID).  She first found that the appellant exhausted her administrative remedies with OSC for the claims set forth in OSC's close-out letter and that the appellant therefore exhausted her claim that the agency

---

[3] The appellant filed a separate appeal in which she alleged that her probationary termination was due, among other things, to her religious beliefs and politically motivated stance towards COVID-19 vaccination and testing.  *Felmlee v. Department of Defense*, MSPB Docket No. DC-315H-22-0155-I-1, Initial Appeal File, Tab 1 at 7, Tab 6 at 4, Tab 9 at 17.  The administrative judge dismissed the appeal, finding that the appellant failed to make a nonfrivolous allegation of Board jurisdiction, including over any claim that her termination was based on her affiliation with a political party or candidate.  *Felmlee v. Department of Defense*, MSPB Docket No. DC-315H-22-0155-I-1, Initial Decision (Feb. 14, 2022).  The initial decision became the final decision of the Board when neither party filed a petition for review.  5 C.F.R. § 1201.113.

retaliated against her because of her memoranda regarding the alleged health hazards presented by the agency's COVID-19 tests. ID at 4. The administrative judge then found that the appellant's statements in her memoranda were insufficient to establish a nonfrivolous allegation that she made protected disclosures or engaged in protected activity and that there was no evidence that the appellant's memoranda were a contributing factor in her termination because there was no evidence she forwarded the memoranda to the deciding official. ID at 4-6. Finally, the administrative judge found that the appellant's claims of religious discrimination did not serve as an independent source of Board jurisdiction in the absence of an otherwise appealable action. ID at 6.

The appellant filed a petition for review, in which she repeats her claim that she was terminated because of her disclosures of "illegal" COVID-19 testing practices and OSHA violations and requests the ability to conduct discovery. Petition for Review (PFR) File, Tab 1. The agency filed a response. PFR File, Tab 3.

We find that the appellant failed to establish jurisdiction over her appeal, but for reasons different than those articulated by the administrative judge. The Board has jurisdiction over an IRA appeal if the appellant exhausts her administrative remedies before OSC and makes nonfrivolous allegations that (1) she made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Edwards v. Department of Labor*, 2022 MSPB 9, ¶ 8; *see* 5 U.S.C. §§ 1214(a)(3), 1221(e)(1). The substantive requirements of exhaustion are met when an appellant has provided OSC with sufficient basis to pursue an investigation. *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶ 7; *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10. The Board's jurisdiction over an IRA appeal is limited to those issues that have been

previously raised with OSC. *Chambers*, 2022 MSPB 8, ¶ 10. An appellant may demonstrate exhaustion through her initial OSC complaint or correspondence with OSC, other sufficiently reliable evidence such as an affidavit or declaration attesting that she raised with OSC the substance of the facts in her Board appeal, or unrebutted statements to that effect on a certified initial appeal form. *Id.*, ¶ 11 & n.7.

Because the appellant did not file her OSC complaint or an affidavit or other statement as to the matters she raised with OSC, we are left to discern the contents of her OSC complaint from the available relevant documents—OSC's close-out letter and letter explaining its preliminary findings. IAF, Tab 1 at 7-11. These letters show that the appellant alleged in her OSC complaint that her protected disclosures or activity only consisted of her (1) request for a religious accommodation seeking exemption from COVID-19 vaccination and testing requirements; (2) "refusing to be discriminated against" based on her religion; and (3) filing an EEO complaint and report to Congress regarding her alleged religious discrimination. *Id.* Nowhere in OSC's correspondence does there appear any reference to an allegation, raised in the appellant's attempt to establish jurisdiction during the appeal, that the appellant was retaliated against because of her disclosure of safety hazards posed by the agency's COVID-19 tests or to any fact arguably related to the safety of the tests. *Id.* There is also no assertion or indication in the record that the appellant sent the memoranda regarding her safety concerns to OSC as part of her complaint or at any time thereafter. Accordingly, the appellant failed to establish exhaustion over any claim that the agency retaliated against her because of her expression of concerns related to the safety of the COVID-19 tests. Thus, having failed to establish exhaustion, the Board lacks jurisdiction over these claims.

¶1 We also find that the Board lacks jurisdiction over the claims the appellant actually did make in her OSC complaint. In *Edwards*, 2022 MSPB 9, ¶¶ 2, 22, the Board reaffirmed the longstanding principle that Title VII-related claims made to

a supervisor or an EEO office, such as those the appellant asserted in her OSC complaint, are excluded from protection under the whistleblower protection statutes. As part of its analysis in *Edwards*, the Board, among other things, discussed longstanding precedent stating that reprisal for filing an EEO complaint is a matter relating solely to discrimination and is not protected by 5 U.S.C. § 2302(b)(8). *Id.*, ¶ 10. The Board further found that EEO complaints related to matters covered by Title VII were also not within the purview of 5 U.S.C. § 2302(b)(9)(A)(i) and that the Board thus lacked jurisdiction to consider such allegations in the context of an IRA appeal. *Id.*, ¶ 25. We find these principles to be controlling and that the Board therefore lacks jurisdiction over this appeal.[4]

The appellant's disclosure to Congress of alleged religious discrimination is similarly not protected under 5 U.S.C. § 2302(b)(8). *See Redschlag v. Department of the Army*, 89 M.S.P.R. 589, ¶ 84 (2001) (holding that the Board would not consider as protected whistleblowing activity a disclosure of discrimination made in a letter to a Member of Congress). Section 2302(b)(8)(C) does prohibit taking a personnel action because of "any disclosure to Congress (including any committee of Congress) by any employee of an agency . . . of information described in subparagraph (B) . . . ." Section 2302(b)(8)(B), however, covers disclosures of information an employee reasonably believes evidences "any violation (other than a violation of this section) of any law, rule, or regulation . . . ." Because an allegation of religious discrimination constitutes an allegation of a violation of 5 U.S.C. § 2302(b)(1)(A), *see Zidele v. Defense Logistics Agency*, 6 M.S.P.R. 455, 457 (1981), such a disclosure is excluded under 5 U.S.C. § 2302(b)(8)(C) as a "violation of this section."

---

[4] The appellant asks on review for the ability to conduct discovery in order to interview agency personnel. PFR File, Tab 1 at 4-5. However, because we determine that the matters that the appellant exhausted in her OSC complaint are outside the Board's jurisdiction as a matter of law, there is no basis for discovery.

**NOTICE OF APPEAL RIGHTS**[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.